OPINION
Defendant-appellant, Sandra Diana, appeals a decision of the Mahoning County Court, Area No. 2, awarding $275.00 to plaintiff-appellee, Beverly S. Brunswick.
This case arises from a landlord-tenant dispute between appellant and appellee. On February 22, 1999, appellee filed a small claim complaint naming appellant as party defendant. Appellee sought return of her security deposit ($275.00) and December 1998 rent money ($275.00) for a total of $550.00. On April 2, 1999, appellant counterclaimed seeking damages in the amount of $1,000.00. Appellant alleged that the apartment she had rented to appellee was damaged and that she had lost rent due to appellee's alleged failure to provide a thirty-day notice of intent to vacate.
The case proceeded to a bench trial on April 14, 1999. On April 15, 1999, the trial court filed a judgment entry granting judgment to appellee in the amount of $275.00 plus interest and costs. The trial court also granted judgment to appellee on appellant's counterclaim. This appeal followed.
Appellant sets forth three assignments of error as follows:
 "THE APPELLEE DID KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY CAUSE DAMAGE TO THE PREMISES OWNED BY THE APPELLANT.
 "THE APPELLEE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY STATE THAT SHE WAS NOT LEAVING THE PREMISES AFTER RECEIVING HER 30-DAY EVICTION NOTICE ON DECEMBER 1, 1998. AND, WHEN SHE LATER DECIDED TO VACATE THE PREMISES, SHE DID NOT GIVE A 30-DAY NOTICE, BUT RATHER A 10-DAY NOTICE ON DECEMBER 20, 1998.
 "THE COURT ERRED WHEN IT TOLD APPELLANT, SANDRA DIANA, THAT DAMAGES COULD BE INCURRED BECAUSE APPELLANT, SANDRA DIANA, DID NOT SEND APPELLEE, BEVERLY BRUNSWICK, A NOTICE OR SUMMARY DETAILING WHY APPELLEE, BEVERLY BRUNSWICK, DID NOT RECEIVE PART OR ALL OF THEIR SECURITY DEPOSIT WITHIN 30 DAYS AFTER APPELLEE, BEVERLY BRUNSWICK, VACATED."
As the party asserting error, it is well recognized that appellant bears the burden of affirmatively demonstrating error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, App.R. 16(A) (7). In this case, appellant essentially is arguing that the trial court's decision was not supported by the evidence or was against the manifest weight of the evidence. App.R. 9(B) states in part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Appellant has failed to supply this court with a transcript of the proceedings before the county court or, alternatively, a statement pursuant to App.R. 9(C) or (D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. See, also, Struthers v.Harshbarger (Dec. 27, 1999), Mahoning App. No. 98 CA 253, unreported, 1999 WL 1279152.
Accordingly, appellant's assignments are overruled and the judgment of the trial court is hereby affirmed.
Cox, J., concurs. Vukovich, J., concurs.
 ____________________ Gene Donofrio, Judge